**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc., | Case No. 13-cv-6705 (DLC) |
| Plaintiff, | Case No. 13-cv-6719 (DLC) |
| | Case No. 13-cv-6721 (DLC) |
| v. | Case No. 13-cv-6726 (DLC) |
| | Case No. 13-cv-6727 (DLC) |
| MORGAN STANLEY & CO., et al., | Case No. 13-cv-6731 (DLC) |
| | Case No. 13-cv-6736 (DLC) |
| Defendants. | |
| And other NCUA Actions. | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc., | Case Nos. 11-cv-2340 & 2649 (JWL) |
| Plaintiff, | Case No. 12-cv-2591 (JWL) |
| | Case No. 12-cv-2648 (JWL) |
| v. | Case No. 13-cv-2418 (JWL) |
| RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al., | |
| Defendants. | |
| And other NCUA Actions. | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc., | Case No. 11-cv-5887 (GW) |
| Plaintiff, | Case No. 11-cv-6521 (GW) |
| v. | |
| RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al., | |
| Defendants. | |
| And other NCUA Action. | |

## DEFENDANTS' SUPPLEMENTAL SUBMISSION REGARDING
## CERTAIN ISSUES ADDRESSED AT APRIL 2, 2014 CONFERENCE

Pursuant to the Courts' order at the April 2, 2014 conference (the "April 2 Conference"), the defendants in the above-captioned actions (collectively, the "Defendants") in the Southern District of New York (the "SDNY Actions"), the District of Kansas (the "Kansas Actions"), and the Central District of California (the "California Actions") (collectively, the "Actions") respectfully submit their positions[1] in response to certain issues raised at the April 2 Conference regarding the parties' proposed master discovery protocol (the "Proposed Discovery Protocol") and to supplement their March 28, 2014 submission (the "March 28 Submission").[2]

I.      **Section 5(e) of Proposed Discovery Protocol (Production of Documents Outside of Search Protocols)**

Where the parties have agreed to use search terms to identify potentially responsive documents from a designated set of custodians or to search certain specified document repositories (in some cases, without the application of any search terms at all), Defendants should not have to search for or produce documents (whether ESI or hard copy documents) that fall outside the scope of these parameters.  NCUA's proposal that Defendants be required to produce documents that are "known to be responsive" or "capable of being known to be responsive upon the exercise of reasonable diligence" would be unprecedented, impractical,

---

[1] In filing this submission, the Defendants do not waive, and specifically preserve, any and all objections or positions expressed in the March 28 Submission.

[2] RBS, UBS, Goldman Sachs, Wachovia, and Nomura object to the appointment of a coordination judge to the extent that judge is responsible for issuing orders on matters relating to cases outside the scope of that Court's jurisdiction.  See Manual for Complex Litigation, § 20.14, Coordination Between Courts (suggesting that "[a]ll cases may be assigned to a single judge designated by the chief justice or the chief circuit judge under 28 U.S.C. §§ 292–294 to sit temporarily in the district where the cases are pending (either within or outside of the assigned judge's own circuit)").  Indeed, Fed. R. Civ. P. 77(b) provides that no hearing may be conducted outside of a relevant district "unless all the affected parties consent."  Fed. R. Civ. P. 77(b)(emphasis added).  RBS, UBS, Goldman Sachs, Nomura, and Wachovia who have cases pending in Kansas, California, or both, do not consent to a Court in the Southern District of New York deciding pretrial issues relating to actions pending in the District of Kansas or the Central District of California.

1

exceedingly costly, and burdensome, and would undermine the purpose of reaching agreements regarding custodians, search terms, and repositories.

The search protocols have been and will continue to be heavily negotiated between the parties who are all acting in good faith. Most Defendants have already been producing documents in numerous similar litigations and have extensive experience negotiating custodians and search terms. Therefore, there is no reason to think that the negotiation process will fail here when it has worked in so many other cases. The collaborative process of establishing search protocols, the availability of judicial review of disagreements, and the breadth of the search protocols proposed by Defendants—combined with the production of deposition transcripts and exhibits, as discussed below—are sufficient to alleviate NCUA's concern that material documents may not be picked up by the search protocols. Any remaining concern on the part of NCUA is merely hypothetical, whereas the burden and expense to Defendants from NCUA's proposal is clear and immediate.

Moreover, any notion that there is an available and discernible set of documents "known to be responsive" to NCUA's requests—apart from those located through agreed-upon searches—is incorrect and inconsistent with the process followed by the parties. The purpose of designating particular custodians and repositories and agreeing to search terms is to avoid ill-defined obligations and to mitigate discovery burdens by requiring parties to identify with reasonable particularity the scope of the searches to be run and repositories where documents likely to be relevant are located. NCUA's proposal would eviscerate that process—which is routinely implemented in commercial litigation—and dramatically increase the cost of litigating these Actions, by apparently obligating Defendants to review every document that has ever been collected in the course of discovery in any similar litigation to determine whether such

documents are responsive to any of NCUA's requests.  Indeed, even that may not be enough to satisfy the parties' obligations, as there could be documents that have never been previously collected in connection with litigation but within the possession of Defendants that are "capable of being known to be responsive."  The Federal Rules do not contemplate imposing such a burden on the parties.  See, e.g., Fed. R. Civ. P. 26(b)(2)(C)(iii) (The Court must limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit.")

## II.        Section 7(a) of Proposed Discovery Protocol (Deposition Testimony)

Defendants' position is that fact depositions of a party witness should be deemed to have been taken in all actions in which that party is a plaintiff or defendant.  As Defendants explained at the conference, NCUA's proposal is untenable.  If a deposition is deemed to have been taken in all Actions, a lawyer representing each of the 9 Defendant groups across the three jurisdictions will need to attend each deposition to confirm that his or her client's interests are adequately represented.  This proposal would be unduly burdensome and impose unnecessary costs. Defendants would, however, be amenable to a compromise approach permitting NCUA to notice, cross-notice or subpoena the deposition of a specific witness in additional Actions upon a good faith, written showing by NCUA reasonably in advance of the deposition that the testimony will be relevant to the contested issues in such additional Actions, so that the relevant defendant has the opportunity to object and obtain a ruling in advance of the deposition.

## III.       Sections 7(b) and (c) of Proposed Discovery Protocol (Deposition Limits)

Defendants continue to believe that it is premature to determine the total number of depositions that will ultimately be needed, particularly because (1) the parties have not yet agreed upon email custodians; (2) significant document production is not yet underway; and (3) no decision has been made regarding the scope of transcript production from other RMBS cases.

To the extent the Courts are inclined to set deposition limits now, all Defendants except the Wachovia defendants have in fact already been Defendants in "materially similar"[3] RMBS litigation and, as explained below, agree to produce transcripts in these Actions of any custodians that were deposed in such other litigations.  The claims against Wachovia concern only 3 securitizations, only 2 of which are Wachovia offerings.  Thus, there should be a limit of 10 fact depositions from each Defendant group.

The Federal Rules permit defendants to take 10 depositions of a plaintiff in each case, Fed. R. Civ. P. 30(a)(2)(A)(i), and NCUA has offered no basis for deviating from this presumption here.  Defendants should thus be entitled to take 10 fact depositions from each credit union and, as a compromise, would agree to 5 fact depositions from NCUA.[4]

Defendants also agree with the Courts' proposal that, if a witness has been previously deposed in a "materially similar" RMBS litigation for at least two days (including when aggregated across separate litigations), that witness's testimony should be restricted to no more than one day in these Actions.

Finally, Defendants believe that any deposition order should provide sufficient flexibility to account for the fact that, for certain credit union witnesses, additional time beyond two days may be needed to afford all Defendants the time necessary to address their respective issues. Accordingly, as set forth in the March 28 Submission, Defendants propose that they be permitted

---

[3] Defendants believe that "materially similar" RMBS litigation should mean (i) for NCUA and/or the Credit Unions, any civil litigation in which they have brought claims (either federal or state) against sellers of RMBS for losses arising out of RMBS purchases; and (ii) for Defendants, any civil litigation in which Defendants have defended against claims (either federal or state) brought by purchasers of RMBS certificates.

[4] As Defendants emphasized in the March 28 Submission and at the April 2 Conference, any discovery limits ultimately imposed should be specific to each credit union and NCUA, rather than a single aggregate limit across all entities, as NCUA has proposed.  (Defs.' March 28, 2014 Submission, at 3-4; April 2, 2014 Conf. Rough Tr. 38:3-6.)

to take three-day depositions of at least certain credit union and NCUA witnesses, provided that, on average, the depositions of those witnesses do not exceed two days.

**IV.     Section 7(e) of Proposed Discovery Protocol (Production of Transcripts)**

Defendants believe the parties should be required to produce transcripts of testimony from RMBS-related civil litigation and public regulatory matters only for designated document custodians.  With respect to Judge Cote's question regarding whether Defendants are willing to produce transcripts from public criminal RMBS matters, Defendants note that they are not in the possession of any such transcripts.  Defendants do not believe Plaintiff is entitled to the production of transcripts from individuals who are not custodians in the Actions.  NCUA's request for <u>all</u> RMBS-related transcripts and exhibits is excessive, given that many of these transcripts will be irrelevant to these actions and involve witnesses who had nothing to do with any of the offerings or originators at issue in the Actions.  Plaintiff should not be entitled to seek this type of cloned discovery from different litigations involving different parties and different claims, issues, and legal theories.[5]

**V.     Re-underwriting of Loans Outside Plaintiff's Sample**

Defendants do not currently anticipate re-underwriting loans outside of NCUA's sample. To the extent Defendants elect to re-underwrite some set of mortgage loans, however, it will be in rebuttal to one or more of NCUA's expert reports.  Accordingly, Defendants believe that they should provide notice of whether they intend to re-underwrite any loans outside NCUA's sample within one month after receipt of NCUA's expert reports.  Only after that time will Defendants have sufficient information to determine whether re-underwriting of any loans outside the sample is necessary.

---

[5] To the extent that any prior testimony is agreed to be, or ordered to be, deemed taken in any of the Actions, all objections as to admissibility and relevance and, with respect to public regulatory proceedings, all objections including as to form, are preserved.

Dated: New York, New York                    Respectfully submitted,
      April 4, 2014

|  |  |
|---|---|
|  | /s/ James P. Rouhandeh |
|  | James P. Rouhandeh |
|  | Paul S. Mishkin |
|  | Daniel J. Schwartz |
|  | Jane M. Morril |
|  | Scott Wilcox |
|  | DAVIS POLK & WARDWELL LLP |
|  | 450 Lexington Avenue |
|  | New York, NY 10017 |
|  | Tel: (212) 450-4000 |
|  | Fax: (212) 701-5800 |
|  | rouhandeh@davispolk.com |
|  | paul.mishkin@davispolk.com |
|  | daniel.schwartz@davispolk.com |
|  | jane.morril@davispolk.com |
|  | scott.wilcox@davispolk.com |
|  | *Attorneys for Defendants Morgan Stanley & Co., Inc. and Morgan Stanley Capital I Inc.* |
| /s/ Scott D. Musoff | /s/ R. Alexander Pilmer |
| Jay B. Kasner | R. Alexander Pilmer |
| Scott D. Musoff | David I. Horowitz |
| Gary J. Hacker | KIRKLAND & ELLIS LLP |
| SKADDEN, ARPS, SLATE, | 601 Lexington Avenue |
|   MEAGHER & FLOM LLP | New York, NY 10022 |
| Four Times Square | Tel: (212) 446-4806 |
| New York, NY 10036 | Fax: (212) 446-6460 |
| Tel: (212) 735-3000 | alexander.pilmer@kirkland.com |
| Fax: (212) 735-2000 | david.horowitz@kirkland.com |
| scott.musoff@skadden.com | |
| jay.kasner@skadden.com | *Attorneys for Defendants RBS Securities Inc.,* |
| gary.hacker@skadden.com | *f/k/a Greenwich Capital Markets, Inc., RBS* |
| | *Acceptance Inc., f/k/a Greenwich Capital* |
| *Attorneys for Defendant UBS Securities LLC* | *Acceptance Inc., and Financial Asset Securities* |
| | *Corp.* |

| | |
|---|---|
| /s/ David H. Braff<br>David H. Braff<br>Brian T. Frawley<br>Jeffrey T. Scott<br>Joshua Fritsch<br>J. Brendan Day<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>Tel:  (212) 558-4000<br>Fax:  (212) 558-3588<br>braffd@sullcrom.com<br>frawleyb@sullcrom.com<br>scottj@sullcrom.com<br>fritschj@sullcrom.com<br>dayb@sullcrom.com<br><br>*Attorneys for Defendant Barclays Capital Inc.* | /s/ David H. Fry<br>David H. Fry (*pro hac vice*)<br>Christian K. Wrede (*pro hac vice*)<br>Hannah E. Shearer (*pro hac vice*)<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA  94105<br>Tel:  (415) 512-4000<br>Fax:  (415) 512-4077<br>david.fry@mto.com<br>christian.wrede@mto.com<br><br>/s/ Andrew W. Goldwater<br>Andrew W. Goldwater<br>FRIEDMAN KAPLAN SEILER &<br>ADELMAN LLP<br>7 Times Square<br>New York, NY 10036<br>Tel:  (212) 833-1100<br>Fax:  (212) 833-1250<br>agoldwater@fklaw.com<br><br>*Attorneys for Defendant Wachovia Capital Markets, LLC, n/k/a Wells Fargo Securities, LLC* |
| /s/ Richard H. Klapper<br>Richard H. Klapper<br>William B. Monahan<br>Peter A. Steciuk<br>Mark S. Geiger<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>Tel:  (212) 558-4000<br>Fax:  (212) 558-3588<br>klapperr@sullcrom.com<br>monahanw@sullcrom.com<br>steciukp@sullcrom.com<br>geigerm@sullcrom.com<br><br>*Attorneys for Defendants Goldman, Sachs & Co. and GS Mortgage Securities Corp.* | /s/ Richard W. Clary<br>Richard W. Clary<br>Julie A. North<br>Richard J. Stark<br>Michael T. Reynolds<br>Lauren A. Moskowitz<br>CRAVATH, SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  (212) 474-1000<br>Fax:  (212) 474-3700<br>rclary@cravath.com<br>jnorth@cravath.com<br>rstark@cravath.com<br>mreynolds@cravath.com<br>lmoskowitz@cravath.com<br><br>*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp.* |

| | |
|---|---|
| /s/ Barbara S. Steiner<br>Barbara S. Steiner (*pro hac vice* in Kansas and California)<br>Matthew J. Thomas (*pro hac vice* in Kansas and California)<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>Phone: 312-923-2611<br>Fax: 312-840-7611<br><br>*Attorneys for Defendant Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp.* | |