# EXHIBIT C

```
                                                                      1
     E3B7NAT1

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   NATIONAL CREDIT UNION
     ADMINISTRATION BOARD, as
 4   Liquidating Agent of Southwest
     Corporate Federal Credit
 5   Union,

 6                  Plaintiff,

 7             v.                       13 CV 6705 (DLC)
                                        13 CV 6707 (DLC)
 8   MORGAN STANLEY & CO., INC.         13 CV 6719 (DLC)
     and MORGAN STANLEY                 13 CV 6731 (DLC)
 9   CAPITAL I INC.,                    13 CV 6736 (DLC)

10                  Defendants.
     ------------------------------x
11   IN RE NATIONAL CREDIT UNION
     ADMINISTRATION BOARD LITIGATION
12   ------------------------------x
                                        New York, N.Y.
13                                      March 11, 2014
                                        10:00 a.m.
14
     Before:
15
                        HON. DENISE COTE,
16
                                        District Judge
17
                            APPEARANCES
18
     KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
19        Attorneys for Plaintiff
     WAN J. KIM
20   ANDREW C. SHEN

21   KOREIN TILLERY, LLC
          Attorneys for Plaintiff
22   GREG G. GUTZLER
     STEPHEN TILLERY
23
     PATTERSON BELKNAP WEBB & TYLER LLP
24        Attorneys for Plaintiff
      ERIK HAAS
25


                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
 1   all three districts.  I perfectly understand that.  But the
 2   only thing this does promote is efficiencies at the margins,
 3   where you have these types of overlaps.  As the court
 4   identified, there really is no measurable burden by doing this
 5   this way.  This just creates these artificial constructs that
 6   make us go through the same process two or three times.
 7            THE COURT:  Well, I'm going to hold that.  Since we
 8   have a long agenda, let us address this in a meet-and-confer
 9   process in my courtroom or the jury room in a few moments, and
10   hopefully it will be resolved.  And, if not, I will give
11   everybody a chance to be heard.
12            Obviously, I don't have final authority over
13   everything; I need to consult with my two colleagues, Judges
14   Lungstrum and Wu.  I wouldn't pretend to speak for them or to
15   be able to control what they do in any way.  They have their
16   own important responsibilities in supervising the litigation
17   before them.
18            Sampling:  I am so grateful for the fact that I am
19   seeing some familiar faces from the FHFA litigation, so those
20   counsel in particular are going to be very important to me in
21   helping me to distinguish between what procedures did or didn't
22   make sense in that litigation as we look sort of back on it,
23   and why this litigation -- even if something worked well in
24   FHFA -- should be handled differently.
25            I want to be very sensitive to the fact that this
```

Case 1:13-cv-06736-DLC Document 77-3 Filed 04/04/14 Page 4 of 4
Case 1:32-cv-06736-DLC Document 73-3 Filed 04/04/14 Page 34 of 54

18

E3B7NAT1

```
 1   litigation is its own animal and deserves its own careful
 2   structure and management, but my impression -- and nobody ever
 3   was want about this with me -- my impression was that despite
 4   all the heat generated by a discussion of sampling in the FHFA
 5   litigation, that actually those litigations are being litigated
 6   on the basis of the sample that was drawn by FHFA in terms of
 7   reunderwriting, and that the defendants never sought to enlarge
 8   the sample or to obtain at least for underwriting or
 9   reunderwriting purposes all of the loan files and relevant
10   guidelines.  Am I wrong about that?
11            MR. KLAPPER:  Richard Klapper for Goldman Sachs.  I
12   guess I'm one of the few remaining defendants there.  I believe
13   it is the case that the litigation of FHFA is progressing based
14   upon samples selected by FHFA, although they have expanded,
15   changed and altered their samples in ways that the defendants
16   have and will challenge.
17            But I think it has progressed in that way, and that's
18   without prejudice to the position of Goldman Sachs and other
19   defendants that sampling is not appropriate to prove what FHFA
20   at the end of the day intend to prove, but it has not resulted
21   in 500,000 loan files being obtained from the originators.
22            THE COURT:  Or I think it was a million one hundred
23   thousand.
24            MR. KLAPPER:  Whatever it was, it was a very large
25   number, yes.
```