| | |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**James P. Rouhandeh**

Davis Polk & Wardwell LLP      212 450 4835 tel
450 Lexington Avenue      212 701 5835 fax
New York, NY 10017      rouhandeh@davispolk.com

April 25, 2014

Re:     *NCUA v. Goldman, Sachs & Co.*, No. 11-cv-6521 (C.D. Cal.)
        *NCUA v. RBS Securities, LLC*, No. 11-cv-5887 (C.D. Cal.)
        *NCUA v. Wachovia Capital Markets LLC*, No. 11-cv-2649 (D. Kan.)
        *NCUA v. RBS Securities, LLC*, No. 11-cv-2340  (D. Kan.)
        *NCUA v. UBS Securities, LLC*, No. 12-cv-2591 (D. Kan.)
        *NCUA v. Credit Suisse Securities (USA) LLC*, No. 12-cv-2648 (D. Kan.)
        *NCUA v. Morgan Stanley & Co.*, No. 13-cv-2418 (D. Kan.)
        *NCUA v. Morgan Stanley & Co.*, No. 13-cv-6705 (S.D.N.Y.)
        *NCUA v. Wachovia Capital Markets LLC*, No. 13-cv-6719 (S.D.N.Y.)
        *NCUA v. Goldman, Sachs & Co.*, No. 13-cv-6721 (S.D.N.Y.)
        *NCUA v. RBS Securities, LLC*, No. 13-cv-6726 (S.D.N.Y.)
        *NCUA v. Barclays Capital Inc.*, No. 13-cv-6727 (S.D.N.Y.)
        *NCUA v. UBS Securities, LLC*, No. 13-cv-6731 (S.D.N.Y.)
        *NCUA v. Credit Suisse Securities (USA) LLC*, No. 13-cv-6736 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

I write on behalf of Defendants to seek clarification regarding two provisions of the Master Discovery Protocol.  Defendants have attempted to resolve these issues with NCUA but have been unable to do so.

<u>Production of RMBS Transcripts and Affidavits</u>

Section 10(d) of the Master Discovery Protocol states that the parties must produce by <u>May 15</u> "the transcripts of testimony and affidavits/affirmations, including all exhibits, from any and all RMBS matters, including all civil, criminal, or regulatory matters, in which it or one of its officers or employees was a party."[1]  On its face, this provision could be read to encompass testimony given by <u>any</u> witness in any such RMBS case, including testimony from third parties, not just testimony given by current or former employees of parties to the NCUA litigation or their affiliates.  For the reasons explained below, Defendants believe that the production obligation should be limited to testimony given by current or former employees of the parties or their affiliates, and respectfully seek clarification as to that issue.

First, there is a substantial burden associated with producing third-party testimony from other RMBS cases given the existence of protective orders in those cases.  Under those protective orders, third parties must typically be given notice and an opportunity to object – and in various cases, must provide their explicit consent – before their testimony can be produced.  Given the number of RMBS cases at issue and the number of third parties who have testified in those cases, the process of identifying all such third parties, obtaining their current contact information, and providing notice to and/or securing the required consent from each of them will be highly burdensome and time-consuming.  Moreover, the majority of such testimony is likely to be of limited relevance to the present litigation, and its utility is thus outweighed by the burden of producing it.

Second, no party (including NCUA) urged the production of third-party RMBS testimony in the submissions regarding the Master Discovery Protocol.  The point of contention between Defendants and NCUA was whether the production obligation would extend to RMBS testimony given by all of <u>the parties'</u> current or former employees (as NCUA advocated) or all of <u>the parties'</u> current or former employees who were designated as document custodians or noticed as deponents in this action (as Defendants requested).  NCUA prevailed on that point by arguing that it needed RMBS transcripts for all of Defendants' current and former employees to help determine who should be designated as a document custodian and who should be deposed – a purpose NCUA identified as "one of the primary purposes" of the transcript production obligation – and further argued that "there is no burden to producing these transcripts."  NCUA March 28, 2014 Submission at 6-7.  NCUA did <u>not</u> argue for expansion of this obligation to cover third-party RMBS testimony or suggest in any way that it viewed the purpose of the obligation as relating to that type of broader production.

Third, to the extent the Courts may look to the FHFA litigation as precedent for the scope of the required transcript production, the obligation in that litigation was limited to RMBS testimony given by parties' current and former employees only.  <u>See</u> Transcript of FHFA Hearing, November 6, 2012, at 54-55.

---

[1] Section 10(d) also states that the parties must produce "future transcripts and affidavits/affirmations, including all exhibits, within two weeks after a final transcript of a deposition is available, and two weeks after a witness has signed an affidavit/affirmation."

Defendants thus respectfully request clarification of their obligations with respect to production of third-party RMBS transcripts.  If, notwithstanding the above, the Courts are inclined to require such production, Defendants would request a one-month extension for such production to allow sufficient time for the third-party notification/consent process discussed above.[2]

Interrogatories

Under Section 7(c) of the Master Discovery Protocol, certain RBS interrogatories served on NCUA in the California action before March 28, 2014 would count against Defendants' newly-imposed joint limits, even though those interrogatories were served by RBS alone (before the entry of any coordination order and without participation by other Defendants), and were largely focused on RBS-specific issues, not on issues broadly applicable to all Defendants.  Defendants would be prejudiced were the RBS interrogatories to count against the aggregate limit established by the Master Discovery Protocol.  Indeed, NCUA did not take the position in its submissions that such previously-served interrogatories should count against Defendants' joint limits.  Defendants respectfully request clarification that those RBS-specific interrogatories do not count against Defendants' joint limits.


Respectfully submitted,

/s/ James P. Rouhandeh

James P. Rouhandeh


Cc:      Counsel of Record (via ECF)

Electronic Filing

---

[2] In discussing this issue, NCUA has indicated to Defendants that it may agree to forego production of transcripts of testimony by certain third parties, but that it believes there should be a presumptive obligation on Defendants to produce all third-party RMBS transcripts by May 15, 2014 unless and until NCUA agrees that particular third parties can be excluded.  Defendants disagree that any such presumption should exist.