Kellogg, Huber, Hansen, Todd, Evans & Figel, p.l.l.c.
sumner square
1615 m street, n.w.
suite 400
washington, d.c. 20036-3209
———
(202) 326-7900
facsimile:
(202) 326-7999

April 28, 2014

*Via ECF*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *NCUA v. Morgan Stanley & Co.*, No. 13-cv-6705
      *NCUA v. Wachovia Capital Markets LLC*, No. 13-cv-6719
      *NCUA v. Goldman, Sachs & Co.*, No. 13-cv-6721
      *NCUA v. RBS Securities, LLC*, No. 13-cv-6726
      *NCUA v. Barclays Capital Inc.*, No. 13-cv-6727
      *NCUA v. UBS Securities, LLC*, No. 13-cv-6731
      *NCUA v. Credit Suisse Securities (USA) LLC*, No. 13-cv-6736

Dear Judge Cote:

  We write on behalf of the National Credit Union Administration Board, as liquidating agent for certain credit unions ("NCUA"), in response to Defendants' April 25, 2014 letter regarding NCUA's Motion in Limine to Admit Expert Statistical Sampling Testimony (the "Sampling Motion") with respect to the Expert Report of Charles D. Cowan, Ph.D. Regarding the Selection of Statistically Reliable Samples of Mortgage Loans (the "Report").

  NCUA filed the Sampling Motion and Report on April 4, 2014. Defendants' response was due on April 25, 2014. Late in the evening on April 23, Defendants proposed a stipulation regarding NCUA's sampling motion. NCUA responded with edits the next morning. Ultimately, the parties were unable to agree upon a stipulation. Defendants then filed their letter in lieu of an opposition to the Sampling Motion on April 25.

  In both their April 23 proposed stipulation and their April 25 letter, Defendants concede that NCUA's Sampling Motion must be granted under the reasoning of this Court's decision in *FHFA v. JPMorgan Chase & Co.*, Nos. 11 Civ. 6188 et al. (Dec. 3, 2012). Despite this concession, Defendants seek to preserve certain rights. Although several appear unnecessary, NCUA has concerns with just one of them because it appears to create new rights. Specifically, Defendants request in their April 25 letter that they be able to assert "any *Daubert* challenge to the admissibility

- 1 -

of the Report based on arguments that could not reasonably have been made as of the date the Report was filed."

Although Defendants insisted on this language during negotiations on the April 23 proposed stipulation, they were unable to articulate what they hoped to preserve by this language, and do not cure that failing here. If material new facts or laws develop in the future, Defendants can seek reconsideration under Local Rule 6.3. Hence, viewed in its best light, this language is unnecessary. Although Defendants do not say in their April 25 letter (and would not say during discussions with NCUA regarding their April 23 proposed stipulation), it appears they are hoping to reserve something broader, *i.e.,* the right to move for reconsideration of the Sampling Motion ruling without first satisfying the requirements of Local Rule 6.3. *Compare Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (Motions for reconsideration are only appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotations omitted)) *with* Defendants Proposed Order (preserving right to file additional *Daubert* motions "based on arguments that could not reasonably have been made as of the date the Report was filed").

That attempt to circumvent Local Rule 6.3 should be rejected. Defendants articulate no need for this alternative language, much less any reason to supersede the ordinary and well-settled rules for reconsideration. A substantial portion of fact and expert discovery in these cases will turn on the statistical sampling methodology set forth in the Report. It is therefore even more important here than in the typical case to preserve the certainty, finality, and efficiency of the Court's ruling on the Sampling Motion, under the limited circumstances for reconsideration established by Local Rule 6.3. Indeed, that is the very reason why NCUA filed, and this Court entertained, this Sampling Motion during the beginning of discovery in these cases.

It is also notable that Defendants would not have obtained such a broadly phrased reservation of rights if they had chosen to file a substantive opposition to NCUA's Sampling Motion. As they now concede, that opposition would fail under the weight of the *FHFA* decision (as well as other authorities). Defendants do not (and cannot) explain why they should be entitled to more relief in this Proposed Order than they would have obtained in an Order rejecting their arguments.

Accordingly, NCUA respectfully requests that the Court enter the proposed Order that is being submitted concurrently to the Orders and Judgments Clerk. This proposed Order is substantially similar to that proposed by Defendants, except that it omits the contested language discussed above. It also clarifies that Defendants' right to appeal the decision regarding the Sampling Motion is limited to "arguments raised by Defendants in the briefing of the FHFA Order," which accurately states the law, and which NCUA does not believe Defendants dispute.

Respectfully submitted,


/s/   David C. Frederick
David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
Fax:  (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
Fax:  (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000
Fax:  (212) 336-2222
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
Fax:  (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

*Attorneys for Plaintiff National Credit Union Administration Board*