New York        Paris
Menlo Park      Madrid
Washington DC   Tokyo
São Paulo       Beijing
London          Hong Kong

**Davis Polk**

**James P. Rouhandeh**

Davis Polk & Wardwell LLP      212 450 4835 tel
450 Lexington Avenue           212 701 5835 fax
New York, NY 10017             rouhandeh@davispolk.com

April 30, 2014

Re:   *NCUA v. Morgan Stanley & Co.*, No. 13-cv-6705
      *NCUA v. Wachovia Capital Markets LLC*, No. 13-cv-6719
      *NCUA v. Goldman, Sachs & Co.*, No. 13-cv-6721
      *NCUA v. RBS Securities, LLC*, No. 13-cv-6726
      *NCUA v. Barclays Capital Inc.*, No. 13-cv-6727
      *NCUA v. UBS Securities, LLC*, No. 13-cv-6731
      *NCUA v. Credit Suisse Securities (USA) LLC*, No. 13-cv-6736

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Cote:

I write on behalf of Defendants in response to NCUA's April 28, 2014 letter regarding NCUA's motion *in limine* to admit the expert report of Charles D. Cowan, Ph.D. (the "Report") and Defendants' proposed order submitted on April 25, 2014 in response to that motion ("Defendants' Proposed Order").

NCUA objects to one of the rights Defendants seek to preserve in their Proposed Order, specifically, the right to make a later *Daubert* challenge to the Report "based on arguments that could not reasonably have been made as of the date the Report was filed." In other words, NCUA apparently seeks to deprive Defendants of the ability to make future arguments that they could not reasonably make now. This position is unfounded for two reasons.

*First*, Defendants' proposed language is consistent with this Court's order in the FHFA cases, which stated that defendants' opposition to the admissibility of FHFA's expert report effected a waiver only of other potential "objections to the Report *that might fairly have been made at the time it was filed*," not *all* potential future objections. Opinion & Order, *Fed. Housing Fin. Agency v. JPMorgan Chase & Co., et al.*, No. 11 Civ. 6188, at 8-9 (Dec. 3, 2012) (emphasis added). Defendants' Proposed Order here contains substantively identical language.

*Second*, it is only fair and logical that Defendants should not be deprived of future arguments that they could not reasonably make now. Defendants have not identified what such arguments will

April 30, 2014

be, because the whole premise of this reservation is that Defendants seek to preserve arguments that cannot reasonably be advanced at this time.  If there are defects in the methodology described in the Report that only become apparent at later stages of the litigation and could not reasonably have been the subject of a *Daubert* challenge now, then such arguments should be preserved.

Very truly yours,

/s/ James P. Rouhandeh

James P. Rouhandeh


Cc: Counsel of Record (via ECF)

Electronic Filing