KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

January 21, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

   Re:  *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 13-cv-6736 (S.D.N.Y.);
       *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 12-cv-2648 (D. Kan.)

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

We write on behalf of NCUA, as liquidating agent, to raise certain discovery disputes involving Credit Suisse. Pursuant to the Court's Order dated November 21, 2014, NCUA certifies that a review of Credit Suisse's discovery productions has uncovered certain material deficiencies, as identified below; that NCUA has met and conferred with Credit Suisse extensively to discuss these disputes and believes it has exhausted the meet-and-confer process on them; and that NCUA is seeking this relief promptly after the parties reached an impasse in those discussions.[1]

**1.     Document Deficiencies:** Unlike other Defendants, Credit Suisse has not produced certain relevant documents, or certified that none exist that have not already been produced.[2]

Quality Control Reviews and Audits of Due Diligence Vendors. Credit Suisse used vendors to conduct quality control reviews and audits of its due diligence providers, which reviewed the loans securitized into RMBS at issue in this litigation to ensure (among other things) that they were properly made to qualified borrowers in accordance with the applicable underwriting guidelines. Such reviews and audits appear to have been performed with some regularity, but noticeable gaps appear in Credit Suisse's production. For example, Credit Suisse has produced documents called "quality control summaries" of the due diligence work performed by Clayton (one diligence vendor) for only about six months of the relevant two-year discovery period (June 28, 2005 to August 30, 2007). *See* Exh. A at 7. Credit Suisse does not deny the relevance of these documents. And Credit Suisse does not claim, much less certify, that no other quality control reviews or audits exist. *See* Exh. C at 2. NCUA asked Credit Suisse whether it is aware of any custodian or repository that is likely to possess a more comprehensive set of such documents. If so, NCUA does not believe it is unreasonable or unduly burdensome for Credit Suisse to conduct a targeted search for the requested documents. Credit Suisse, however, has refused to say one way or another whether these documents readily could be located, saying only that they are not maintained in a "centralized repository." Exh. A at 6. That does not establish undue burden.[3] Credit Suisse also claims that its prior searches have been adequate to gather the requested documents, but that is inconsistent with the gaps in its document productions, as well as its refusal to certify that other documents do not exist.

Internal Audits of RMBS and Asset Finance Groups. Credit Suisse's Audit Department conducted internal audits of two groups responsible for oversight of its RMBS activities – the RMBS

---

[1] *See* Exh. A at 2-3 (1/12/15 Letter from A. Hetherington to L. Moskowitz); Exh. B (1/14/15 Email from J. Ward to B. Diessel) (scheduling meet and confer); Exh. C (1/20/15 Letter from A. Hetherington to L. Moskowitz).

[2] *See* Exh. D (11/20/14 Email from G. Hacker to P. Ratner) (UBS agreeing to "conduct targeted searches for quality control reviews or audits of third party due diligence vendors"); Exh. E (11/3/14 Email from S. Wilcox to L. Pope) (representing that Morgan Stanley has "separately searched for and produced final audit reports concerning the U.S. RMBS business from centralized files," and will also search for "audit work papers pertaining to" a 2008 audit of its residential mortgage conduit business); Exh. F at 2 (9/8/14 Letter from S. Wheeler to D. Dorris) (stating that Goldman Sachs had identified and would produce responsive internal audits conducted on its RMBS business, and would search the file names of centralized folders to identify reviews or audits of third-party due diligence vendors).

[3] For example, Credit Suisse's quality control vendors appear to have used particular naming conventions for their reviews and audits, which are readily amenable to targeted searches (such as "Clayton" and "quality control" and "summary"). Credit Suisse does not deny that it could devise targeted search terms that would capture the requested reviews and audits from ESI already gathered by Credit Suisse in this and other litigations.

and Asset Finance groups.  For example, one audit criticizes the RMBS group's failure to monitor its due diligence vendors for poor performance trends – a fact evidencing serious defects in the way Credit Suisse reviewed and approved loans for inclusion in RMBS.  Credit Suisse has produced only a handful of such audits, none more recent than 2005.  Although Credit Suisse has agreed to conduct separate searches for and produce the *final* audit reports, Credit Suisse still refuses to search for associated work papers and drafts.  It does not dispute their relevance.  Credit Suisse claims only that such materials "are not maintained in any centralized repository," which does not establish undue burden.  *See* Exh. A at 6.  As Credit Suisse has agreed to search for missing audit reports, it should be able to use the same (or similar) search terms to find the work papers and drafts related to those reports.  *See id.*; Exh. C at 2.

Performance Reviews.  Performance reviews for Credit Suisse employees who played specific roles in the securitizations at issue are relevant.  *See* Exh. A at 3-4.  If, for example, Credit Suisse evaluated employees for the number of loans they acquired or securitizations they closed, that fact would demonstrate an incentive to prioritize volume at the expense of quality.  Moreover, Credit Suisse has identified no significant burden to producing these materials.  When NCUA suggested that these documents might readily be found in Credit Suisse's human resources department, Credit Suisse had no answer, and conceded it did not know what a search for the documents would entail, or even whether they have already been collected for existing custodians in other litigation matters.[4]  *See* Exh. C at 1.

**2.   Custodian Deficiencies:**  Based on a review of Credit Suisse's discovery productions, NCUA has identified five additional highly relevant custodians:  Helen Cheung, Kevin Steele, Paul Heckman, Timothy Callahan, and Todd Terakedis.  *See* Exh. A at 7-8.  Between them, Ms. Cheung and Mr. Steele served as transaction managers for at least 10 of the 15 RMBS at issue in these actions, and therefore played central roles in selecting the loans for each deal.  Messrs. Callahan and Terakedis helped supervise the "fulfillment centers" that conducted due diligence on numerous loans for the RMBS in these cases.  It appears that Mr. Heckman led the account executives ("AEs") who originated loans and participated in discussions with the credit policy group about the quality of those loans.[5]  Notably, Credit Suisse refused to identify these individuals when the parties were negotiating appropriate custodians, despite numerous requests.  *See id.* at 8.  Credit Suisse does not dispute that they possess numerous relevant documents.  Instead, it claims that these custodians' files would be "cumulative" because the persons *to whom they reported* have already been designated as custodians.  *See id.* at 8-9.[6]  It is reasonable to believe, however, that employees directly involved in due diligence would have more specific diligence information than their supervisors.

---

[4] Although NCUA has reached certain compromise agreements with other Defendants regarding a smaller number of performance reviews, Credit Suisse has identified more than 125 employees as being involved in the securitizations at issue, and declined NCUA's requests for more information that might narrow the number of performance reviews sought by NCUA.  *See* Exh. A at 4.  Moreover, if the reviews are centrally stored, there is little incremental burden to pulling them for additional employees.

[5] Mr. Heckman would be the only AE custodian in these coordinated actions.  Credit Suisse has refused to designate *any* AE as a custodian, even though nearly two dozen AEs played roles in the RMBS at issue here.  *See id.* at 9.

[6] Credit Suisse has objected that, in the *FHFA* litigation, the Court denied FHFA's request to add a Credit Suisse custodian.  *See* Exh. C at 3.  But that request, unlike this one, came after "'the period for document discovery had closed.'"  Exh. G at 2 (Oct. 28, 2013 Letter from L Moskowitz to Judge Cote (quoting Sept. 23, 2013 Order at 2)).

Judges Cote, Lungstrum, O'Hara, and Wu
January 21, 2015
Page 4

Respectfully submitted,

/s/  Wan J. Kim

| | |
|---|---|
| David C. Frederick | Erik Haas |
| Wan J. Kim | Peter W. Tomlinson |
| Gregory G. Rapawy | Philip R. Forlenza |
| Andrew C. Shen | Henry J. Ricardo |
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. | PATTERSON BELKNAP WEBB & TYLER LLP |
| Sumner Square | 1133 Avenue of the Americas |
| 1615 M Street, N.W., Suite 400 | New York, NY 10036 |
| Washington, D.C. 20036 | Tel:  (212) 336-2000 |
| Tel:  (202) 326-7900 | Fax:  (212) 336-2222 |
| Fax:  (202) 326-7999 | ehaas@pbwt.com |
| dfrederick@khhte.com | pwtomlinson@pbwt.com |
| wkim@khhte.com | prforlenza@pbwt.com |
| grapawy@khhte.com | hjricardo@pbwt.com |
| ashen@khhte.com | |
| | Norman E. Siegel (D. Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| George A. Zelcs | STUEVE SIEGEL HANSON LLP |
| KOREIN TILLERY LLC | 460 Nichols Road, Suite 200 |
| 205 North Michigan Avenue, Suite 1950 | Kansas City, MO 64112 |
| Chicago, IL 60601 | Tel:  (816) 714-7100 |
| Tel:  (312) 641-9750 | Fax:  (816) 714-7101 |
| Fax:  (312) 641-9751 | siegel@stuevesiegel.com |
| gzelcs@koreintillery.com | schwartz@stuevesiegel.com |

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
Fax:  (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via ECF or Email)