# EXHIBIT F

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 5, 2015

*Via Electronic Mail*

James P. Rouhandeh
DAVIS POLK & WARDELL LLP
450 Lexington Avenue
New York, NY 10017
*Counsel for Morgan Stanley & Co.,*
*Inc. n/k/a Morgan Stanley & Co. LLC, and*
*Morgan Stanley Capital I Inc.*

David H. Braff
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
*Counsel for Barclays Capital Inc.*

Richard W. Clary
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
*Counsel for Credit Suisse Securities (USA)*
*LLC and Credit Suisse First Boston Mortgage*
*Securities Corp.*

Scott D. Musoff
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
*Counsel for UBS Securities, LLC*

Re:     *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y.)
        *NCUA v. Morgan Stanley & Co.,* No. 13-2418 (D. Kan.)
        *NCUA v. UBS Securities, LLC,* No. 13-6731 (S.D.N.Y.)
        *NCUA v. UBS Securities, LLC,* No. 12-2591 (D. Kan.)
        *NCUA v. Barclays Capital Inc.,* No. 13-6727 (S.D.N.Y.)
        *NCUA v. Barclays Capital Inc.,* No. 12-2631 (D. Kan)
        *NCUA v. Credit Suisse Securities (USA) LLC,* No. 13-6736 (S.D.N.Y.)
        *NCUA v. Credit Suisse Securities (USA) LLC,* No. 12-2648 (D. Kan.)

Dear Counsel:

On March 3, 2015, the Tenth Circuit issued a decision reversing the district court's dismissal of RMBS certificates in the *Barclays* case. NCUA believes the *Barclays* decision will result in the reinstatement of 52 RMBS certificates in the Kansas actions referenced above: 12 for Barclays; 12 for Credit Suisse; 10 for UBS; and 18 for Morgan Stanley ("reinstated certificates"). We write to propose: (1) expedited briefing of any issues associated with reinstating these certificates; and (2) certain limited modifications of the Master Discovery

Letter to Messrs. Rouhandeh, Braff, Clary, and Musoff
March 5, 2015
Page 2

Protocol ("MDP") to account for the incremental discovery related to these reinstated certificates.

### 1.    Expedited Briefing

As to Credit Suisse, Morgan Stanley, and UBS, NCUA intends to file a motion next week in the Kansas actions seeking an expedited briefing schedule for motions for reconsideration to reinstate the dismissed certificates. We do not perceive any reason to defer beginning that briefing process now that *Barclays* has been decided. We believe that there is every reason to expedite a ruling on whether the dismissed certificates will be reinstated in these cases so that we can finalize the discovery processes for these cases, as discussed in more detail below.

Please advise us by March 11, 2015, if Credit Suisse, Morgan Stanley, or UBS intends to contest a motion for reconsideration by NCUA. If so, please advise us by that same date if your client will consent to an expedited briefing schedule in which NCUA's motions for reconsideration will be due on March 27, 2015; Defendants' opposition briefs will be due 14 calendar days after NCUA's motion is filed; and NCUA's reply brief will be due five calendar days after receiving any opposition.

As to Barclays, NCUA intends to await the issuance of the mandate unless Barclays agrees to proceed informally so that we may efficiently manage future coordinated proceedings.

### 2.    Modifications to the MDP Schedule

The current schedule in the MDP will remain largely unchanged even after, as we expect, the dismissed certificates are reinstated in the Kansas cases for Barclays, Credit Suisse, Morgan Stanley, and UBS. There will be no need to modify the schedule for most Defendants, as the *Barclays* ruling has no effect on NCUA's actions against Goldman Sachs, RBS, Wachovia, Nomura, and NovaStar. Similarly, we expect no changes for any actions pending in SDNY or California, as the *Barclays* ruling does not result in the reinstatement of any certificates in those forums.

We also expect no changes to the current schedule for fact discovery involving the credit unions or NCUA. Because the reinstated certificates pertain only to WesCorp and U.S. Central, reinstatement will have no effect on discovery for Southwest, Members United, and NCUA. Moreover, NCUA produced key discovery for the reinstated certificates last year, even though Defendants have not, and NCUA will produce any remaining discovery for the reinstated certificates in the near future. Accordingly, Defendants will be equipped to depose WesCorp and U.S. Central witnesses about all of the reinstated certificates under the current fact discovery schedule.

Letter to Messrs. Rouhandeh, Braff, Clary, and Musoff
March 5, 2015
Page 3

Based on the incremental discovery necessary for the reinstated certificates in the Barclays, Credit Suisse, Morgan Stanley, and UBS cases in Kansas, NCUA proposes the following limited changes to the current MDP schedule.

      A.    Expert discovery:  NCUA proposes to extend the schedule for expert disclosures for the Barclays, Credit Suisse, Morgan Stanley, and UBS cases in Kansas by approximately six months (assuming that Defendants promptly produce the loan tapes for the reinstated certificates, as requested below).  That additional time is necessary to obtain the samples of loan files for each reinstated certificate; to obtain such loan files and applicable reunderwriting guidelines from Defendants or third parties; to undergo the stipulation process required by the Loan File Reunderwriting Protocol ("LFRP"); and to have experts reunderwrite such loan files.  Because we do not perceive any efficiency in submitting partial expert reports in the Kansas cases on the current schedule, we propose to have all expert reports for Barclays, Credit Suisse, Morgan Stanley, and UBS in the Kansas cases submitted on a new schedule.

      B.    Supplemental document discovery:  NCUA proposes a period of supplemental document discovery for only the reinstated certificates.  NCUA requests that Barclays, Credit Suisse, Morgan Stanley, and UBS produce the loan tapes for each reinstated certificate immediately.  Defendants will suffer no burden or prejudice from doing so.  On the other hand, NCUA would suffer substantial prejudice from continued delays in obtaining the loan files for the reinstated certificates, which would delay the efficient completion of discovery in these cases.  In addition, NCUA requests that Barclays, Credit Suisse, Morgan Stanley, and UBS produce any loan files and guidelines relating to the loans in NCUA's samples for the reinstated certificates within four weeks of the date that NCUA discloses those samples.

For documents other than the loan tapes, loan files, and guidelines, we propose that the parties substantially complete their supplemental document productions for the reinstated certificates within three months.[1]  This supplemental production should be straightforward because the parties have already negotiated the search terms applicable to individual certificates, and hence, can apply that protocol to the reinstated certificates.  As noted above, NCUA expects to substantially complete its production for the reinstated certificates long before that deadline.

      C.    Supplemental deposition discovery:  NCUA proposes a period of supplemental deposition discovery limited solely to the reinstated certificates following the supplemental document production.  We propose that any party seeking a limited number of

---

[1] NCUA will serve formal document requests for this supplemental information shortly.  NCUA will agree that Barclays need not formally respond to these requests until seven days after the mandate in *Barclays* has issued.  As for any Defendant that opposes NCUA's motion for reconsideration, NCUA will agree that such Defendant need not formally respond until seven days after such motion has been decided.

Letter to Messrs. Rouhandeh, Braff, Clary, and Musoff
March 5, 2015
Page 4


such depositions (including, if appropriate, witnesses previously deposed) make a request to the Courts within four weeks after such documents have been produced.

*   *   *

For your convenience, we have attached a table that summarizes the changes to the MDP proposed by NCUA.  We look forward to resolving these issues with you in a productive and efficient manner.

Sincerely,

*/s David C. Frederick*

David C. Frederick
*Counsel for NCUA as Liquidating Agent*

Attach.

Letter to Messrs. Rouhandeh, Braff, Clary, and Musoff
March 5, 2015
Page 5

**NCUA's Proposed Modification of MDP Schedule for Barclays,
Credit Suisse, Morgan Stanley, and UBS in the Kansas actions**

|  | Current MDP Schedule | Proposed Schedule for All Defendants in SDNY and CA; and RBS, Wachovia, Nomura, and NovaStar in Kansas | Proposed Schedule for Barclays, Credit Suisse, Morgan Stanley, and UBS in Kansas[2] |
|---|---|---|---|
| Substantial Completion of Document Production | 10/31/14 | SAME (also for all existing certificates in KS) | 6/26/15 (only for reinstated certificates in KS) |
| Fact Discovery Ends | 7/17/15 | SAME (also for all existing certificates in KS) | 10/30/15 (only for reinstated certificates in KS) |
| Opening Expert Reports | 8/14/15 | SAME | 2/5/16 |
| Rebuttal Expert Reports | 10/16/15 | SAME | 4/1/16 |
| Reply Expert Reports | 11/20/15 | SAME | 5/6/16 |
| Expert Discovery Ends | 1/15/16 | SAME | 6/10/16 |
| Summary Judgment Motions Due | 2/5/16 | SAME | 7/8/16 |
| Summary Judgment Motions – fully submitted | 3/25/16 | SAME | 8/26/16 |
| Trials in SDNY – Tranche 1 | June 2016 | SAME | N/A |
| Trials in SDNY – Tranche 2 | September 2016 | SAME | N/A |

---

[2] Subject to modification based on the date Defendants produce the loan tapes for the reinstated certificates.