# EXHIBIT G

| | |
|---|---|
| **From:** | Hacker, Gary |
| **To:** | Shen, Andrew C.; Newman, Jeremy S.; Ratner, Peter S.; Fumerton, Robert A; Bender-Nash, Sarah |
| **Subject:** | RE: UBS"s Response to NCUA"s Third Set of Interrogatories |
| **Date:** | Wednesday, June 10, 2015 12:20:15 PM |

Andy – Below is our proposed scheduled.  Under our proposed schedule, the dates in New York and Kansas would be the same.  This schedule is still subject to sign-off from our client.

Substantial Completion of supplemental document production:  September 1, 2015
Fact Discovery Ends: September 30, 2015
Opening Expert Reports: November 13, 2015
Rebuttal Expert Reports: February 5, 2016
Reply Expert Reports: March 7, 2016
Expert Discovery Ends: April 8, 2016
Summary Judgment Motions Due: April 29, 2016
Summary Judgment Motions – fully submitted: June 23, 2016

---

**From:** Shen, Andrew C. [mailto:ashen@khhte.com]
**Sent:** Tuesday, June 09, 2015 6:52 PM
**To:** Newman, Jeremy S.; Hacker, Gary J (NYC); Ratner, Peter S.; Fumerton, Robert A (NYC); Bender-Nash, Sarah (NYC)
**Subject:** RE: UBS's Response to NCUA's Third Set of Interrogatories

Gary –

Does 1pm tomorrow work for this call?  Can you also please send us any counter-proposal to the schedule before tomorrow's call so that we can discuss?

Thanks,

Andy

---

**From:** Newman, Jeremy S.
**Sent:** Monday, June 08, 2015 4:39 PM
**To:** Hacker, Gary; Ratner, Peter S.; Fumerton, Robert A; Bender-Nash, Sarah
**Cc:** Shen, Andrew C.
**Subject:** RE: UBS's Response to NCUA's Third Set of Interrogatories

Gary,

Peter will be unavailable, but Andy and I should be around.  What time on Wednesday do you prefer?

Jeremy

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.

---

**From:** Hacker, Gary J [mailto:Gary.Hacker@skadden.com]
**Sent:** Monday, June 08, 2015 12:37 PM
**To:** Ratner, Peter S.; Fumerton, Robert A; Bender-Nash, Sarah
**Cc:** Shen, Andrew C.; Newman, Jeremy S.

**Subject:** RE: UBS's Response to NCUA's Third Set of Interrogatories

We are available on Wednesday.  Let us know if that works for you.  Thanks.

_____
**From:** Ratner, Peter S. [mailto:pratner@khhte.com]
**Sent:** Friday, June 05, 2015 9:36 AM
**To:** Hacker, Gary J (NYC); Fumerton, Robert A (NYC); Bender-Nash, Sarah (NYC)
**Cc:** Shen, Andrew C.; Newman, Jeremy S.
**Subject:** RE: UBS's Response to NCUA's Third Set of Interrogatories

Gary,

I understand that Rob was not prepared to discuss UBS's responses to NCUA's third set of interrogatories at yesterday's deposition.  Can you please let us know when you are available to meet and confer about this issue today or Monday?

Thanks,
Peter

_____
**From:** Hacker, Gary J [mailto:Gary.Hacker@skadden.com]
**Sent:** Monday, June 01, 2015 8:41 PM
**To:** Ratner, Peter S.; Fumerton, Robert A; Bender-Nash, Sarah
**Cc:** Shen, Andrew C.; Newman, Jeremy S.
**Subject:** RE: UBS's Response to NCUA's Third Set of Interrogatories

Peter,

We propose including this issue in Thursday's meet-and-confer.

Best,
Gary

_____
**From:** Ratner, Peter S. [mailto:pratner@khhte.com]
**Sent:** Friday, May 29, 2015 1:33 PM
**To:** Hacker, Gary J (NYC); Fumerton, Robert A (NYC); Bender-Nash, Sarah (NYC)
**Cc:** Shen, Andrew C.; Newman, Jeremy S.
**Subject:** UBS's Response to NCUA's Third Set of Interrogatories

Gary,

I write regarding UBS's responses to NCUA's third set of interrogatories, which included only Interrogatory No. 12.  That interrogatory requests, "[f]or each Specified Security for which UBS did not act solely as an underwriter, . . . Your employees responsible for selecting the Mortgage Loans securitized into that Specified Security and . . . the principal or material criteria for selecting the Mortgage Loans securitized into that Specified Security."  Your response is deficient in two primary ways.

First, UBS's Exhibit A to its response includes "[a] list of structurers, traders, collateral analysts and loan level due diligence personnel who took part in the relevant securitizations."  This list of *every* individual from those groups generally involved in the securitizations does not constitute a sufficient response to NCUA's request.  As was true of UBS's amended response to NCUA's Interrogatory No. 11, UBS's response to Interrogatory No. 12 – which

includes as many as 13 individuals per security – in no way indicates which UBS employees had ultimate responsibility for selecting the mortgage loans securitized into any security.  Please amend your response by Friday, June 5, to identify the specific individuals with ultimate responsibility for loan selection for each security for which UBS did not act solely as an underwriter.  *See* Order, ECF 179 (May 21, 2015) (ordering UBS to "identify[] by name those employees with <u>ultimate</u> responsibility for ensuring the accuracy of the identified statements").

Second, UBS's response provides no information at all regarding the principal or material criteria for selecting the Mortgage Loans.  Instead, UBS generally cites prospectus supplements' descriptions of "characteristics of the Mortgage Loans securitized into a particular security."  Interrogatory No. 12 plainly seeks UBS's principal or material criteria for selecting loans, not just the bare results of that selection process.  For example, MARM 2007-2 includes loans from seven distinct whole loan purchases and one conduit purchase, with settlement dates ranging from January 2005 to February 2007.  To fully answer this interrogatory, UBS must provide the principal or material criteria for selecting those loans for inclusion in that deal.  NCUA has no way of determining those criteria from the prospectus supplements' descriptions of loan pools.  Please amend your response by Friday, June 5, to provide the principal and material criteria.  *See* Order, ECF 179 (May 21, 2015) (ordering UBS to describe the "principal and material efforts" requested by NCUA's Interrogatory No. 11).

Best,
Peter

Peter Ratner
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7976

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail and then destroy all instances of this communication.  Thank you.

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================