# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidating
Agent of U.S. Central Federal Credit Union,
Western Corporate Federal Credit Union, and
Southwest Corporate Federal Credit Union,          Case No. 12-CV-2648 (JWL/JPO)

            Plaintiff,

     v.

CREDIT SUISSE SECURITIES (USA) LLC,
*et al.*,

            Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidating
Agent of Southwest Corporate Federal Credit
Union and Members United Corporate Federal
Credit Union,                                       Case No. 13-CV-6736 (DLC)

            Plaintiff,

     v.

CREDIT SUISSE SECURITIES (USA) LLC,
*et al.*,

            Defendants.

**NCUA'S FIRST SET OF INTERROGATORIES**
**TO THE CREDIT SUISSE DEFENDANT GROUP**

Pursuant to Federal Rule of Civil Procedure 33, NCUA propounds its First Set of

Interrogatories to Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage

Securities Corp. ("Credit Suisse"), and requests Credit Suisse's response within thirty (30) days:

## DEFINITIONS

1.      The term "You" or "Your" means  Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Mortgage Securities Corp., and their agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, or representatives (in their individual or representative capacities).

2.      The term "Depositor" has the same meaning as used in 17 C.F.R. § 229.1101(e).

3.      The term "Due Diligence" means any analysis, consideration, or examination of whether a Mortgage Loan or Mortgage Loans complied with the applicable Underwriting Guidelines for that mortgage, with the representations in the Offering Documents concerning the Mortgage Loans, and with any representation or warranties made by the Originator, Seller, Depositor, or Sponsor concerning the Mortgage Loans; as well as any analysis, consideration, or examination of the value of the encumbered property, the occupancy status of the encumbered property, the income or employment status of the borrower, the borrower's ability to repay, and the sufficiency of the collateral to repay the Mortgage Loan.

4.      The term "Identify each Mortgage Loan" means provide the Originator's loan ID, the Seller's loan ID, Credit Suisse's loan ID, and any subsequent due diligence loan ID for each Mortgage Loan.

5.      The term "Mortgage Loans" or "Mortgage Loan" means all mortgage loans in loan pools that collateralize the Specified Securities.

6.      The term "Offering Documents" means the Registration Statement, Prospectus, computational materials, structural term sheet, collateral term sheet, free writing prospectus, preliminary prospectus supplement, or prospectus supplement, or any combination thereof.

7.    The term "Originator" means any Person responsible for processing the loan applications for Mortgage Loans, for underwriting Mortgage Loans, or for directly funding Mortgage Loans.

8.    The term "Person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal, or governmental entity or association, including any directors, officers, employees, agents, successors, predecessors, assignees, or representatives thereof.

9.    The term "Prospectus" has the same meaning as used in the Securities Act of 1933, 15 U.S.C. § 77b(a)(10).

10.    The term "Registration Statement" has the same meaning as used in the Securities Act of 1933, 15 U.S.C. § 77b(a)(8).

11.    The terms "Security" and "Securities" have the same meaning as used in the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

12.    The term "Seller" means any Person from which You, the Depositor, or the Sponsor purchased Mortgage Loans.

13.    The term "Specified Security" or "Specified Securities" means those Securities identified in the complaint(s) for which NCUA has pending claims.

14.    The term "Sponsor" has the same meaning as used in 17 C.F.R. § 229.1101(l).

15.    The term "Underwriting Guidelines" has the same meaning as in the Offering Documents for the Specified Securities.

16.    References to the singular include the plural, and references to the plural include the singular as may be appropriate to construe the interrogatory in the broadest form.

17.     The terms "or," "and," and similar words of guidance are intended as such and are used without limitation.

## INSTRUCTIONS

1.      Each of the interrogatories includes the time period from January 1, 2005, to the present.

## INTERROGATORIES

1.      For each Specified Security, identify each transaction through which You acquired the Mortgage Loans in such Security, including the identifying information for each such transaction (for example, date, Seller, pool name, and identifying number) and the Mortgage Loans acquired in each such transaction.

2.      For each transaction identified in Your answer to Interrogatory No. 1, and for each Specified Security for which You acted solely as an underwriter, identify the Mortgage Loans selected for due diligence, the type(s) of due diligence performed on each such Mortgage Loan (for example, credit, documentation, compliance, and/or appraisal), and the process or criteria by which each such Mortgage Loan was selected for each type of due diligence (for example, Loan X was selected randomly for credit due diligence, Loan Y was selected adversely for credit due diligence based on high borrower FICO score, Loan Z was selected randomly for compliance due diligence).

3.      For each Mortgage Loan identified in Your answer to Interrogatory No. 2, identify the due diligence performed by or on behalf of You, including the Persons involved and the principal or material conclusions reached by each such Person.

4.      For each Specified Security, identify each Mortgage Loan for which You made a repurchase, reimbursement, or "Putback" request to the Seller or Originator, including the date and basis for such request.

5.      For each Specified Security, identify each Mortgage Loan that was repurchased by the Seller or Originator, identify the date and type of transaction (*e.g.*, Same Trading A/C Take Out, Scratch & Dent (S&D) Takeout, Make Whole), the total proceeds, and the reason for repurchase (*e.g.*, EPD, R&W – Compliance, Valuation).

6.      For each Specified Security, identify each Mortgage Loan that You repurchased from the securitization trust, and the date on which it was repurchased.

7.      For each Specified Security, identify each Mortgage Loan that You replaced with a substitute loan, identify the substitute loan, and state whether the substitute loan was a Scratch and Dent Loan at the time of substitution.

8.      Describe the principal or material factual bases supporting each affirmative defense You may assert in a dispositive motion or at trial in this lawsuit.

Dated: October 2, 2014

Respectfully submitted,

/s/ Andrew M. Hetherington

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Greg G. Gutzler
Giuseppe S. Giardina
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
ggiardina@koreintillery.com
mklenov@koreintillery.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
Andrew M. Hetherington
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Washington, D.C. 20036
Tel: (202) 327-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com
ahetherington@khhte.com

Of Counsel:
Michael J. McKenna, General Counsel
John K. Ianno, Associate General Counsel
National Credit Union Administration
1775 Duke Street
Alexandria, VA 22314

*Attorneys for Plaintiff National Credit Union Administration Board*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, a copy of the foregoing was served on all counsel of record via Electronic Mail.

/s/ Andrew M. Hetherington
Attorney for Plaintiff