# Exhibit F

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH

ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1177

WRITER'S EMAIL ADDRESS
bdiessel@cravath.com

KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN

BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

———
SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
———
OF COUNSEL
MICHAEL L. SCHLER

July 27, 2015

<u>NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736 (DLC) (S.D.N.Y.)</u>
<u>NCUA v. Credit Suisse Securities (USA) LLC, No. 12-cv-2648 (JWL-JPO) (D. Kan.)</u>

Dear Andrew:

       I write on behalf of Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp. (collectively, "Credit Suisse") to memorialize the parties' July 21, 2015 meet and confer call regarding the timing of Credit Suisse's supplemental responses to NCUA's interrogatories as to the certificates for which claims against Credit Suisse were previously dismissed and which were the subject of the May 27, 2015 Order of the District of Kansas in these actions (the "Reinstated Certificates"), and further to NCUA's July 13, 2015 email and Credit Suisse's July 17, 2015 letter on the same topic.

       1.  Supplemental Interrogatory Responses

       With respect to the timing of Credit Suisse's supplemental responses to NCUA's interrogatories as to the Reinstated Certificates ("Supplemental Interrogatory Responses"), during the July 21, 2015 meet and confer, NCUA requested that Credit Suisse serve each of the Supplemental Interrogatory Responses by August 14, 2015—the deadline provided by the Courts for the substantial completion of document production in the June 23, 2015 Scheduling Order. Credit Suisse explained that with respect to certain of NCUA's interrogatories, Credit Suisse anticipates being able to roll out responsive information by August 14, 2015. For example, Credit Suisse identified certain responses and portions of responses that do not rely heavily on Credit Suisse's document production and that Credit Suisse anticipates being able to provide by August 14, 2015. Specifically, Credit Suisse stated it likely would be in a position to provide supplemental responses to the following interrogatories on August 14, 2015: Interrogatory No. 1, Interrogatory Nos. 2 and 3 with respect to Appendices D.3 and D.4, Interrogatory Nos. 4 and 5 with the exception of information regarding "the total proceeds", and Interrogatory No. 24.

Credit Suisse explained, however, as it did in its July 17, 2015 letter, that for the remaining interrogatories, it will not be feasible for Credit Suisse to provide Supplemental Interrogatory Responses until after the substantial completion of document production relating to the Reinstated Certificates. As discussed during the meet and confer, those interrogatory responses and their detailed appendices draw heavily on the documents identified and produced pursuant to the parties' mutually agreed search protocol. Credit Suisse further explained that based on its experience responding to NCUA's interrogatories, reviewing the documents and extracting and assembling the responsive information for these supplemental responses will require six to eight weeks after substantial completion of document production. Accordingly, as discussed during the July 21, 2015 meet and confer, Credit Suisse anticipates being able to provide responses to these interrogatories generally by late September to mid October.

Even assuming that supplementing the remaining interrogatories by August 14, 2015 would be feasible, which it is not, there is no basis to demand that Credit Suisse complete its Supplemental Interrogatory Responses by that date. During the parties' July 21, 2015 meet and confer call, NCUA identified only two purported reasons for its artificial August 14, 2015 deadline, and neither has any merit. First, NCUA asserts that it needs Credit Suisse's Supplemental Interrogatory Responses by then to assess whether NCUA needs to take additional fact depositions of Credit Suisse witnesses. But as NCUA knows, it is not entitled to take any additional Credit Suisse depositions during supplemental fact discovery in the Kansas action. Pursuant to the Courts' September 23, 2014 Order and April 9, 2014 Master Discovery Protocol, NCUA was allotted a maximum of ten fact depositions of Credit Suisse. With full knowledge of this limit, NCUA already has taken its ten depositions of Credit Suisse witnesses and is not entitled to any more. Second, NCUA asserts that it needs the information in Credit Suisse's Supplemental Interrogatory Responses for expert discovery. That purported need does not support NCUA's arbitrary August 14, 2015 deadline. Under the schedule adopted by the Courts and proposed by NCUA, opening expert reports in the Kansas action are not due until over four months after completion of supplemental fact discovery on October 30, 2015. This schedule provides more than enough time for NCUA to evaluate and use the information provided in those responses, in particular because NCUA already has Credit Suisse's responses to date and accordingly already knows what to expect with respect to the substance and format of the Supplemental Interrogatory Responses.

At the conclusion of the July 21, 2015 meet and confer, Credit Suisse agreed to memorialize in writing when it anticipates being able to respond to each of the interrogatories. That schedule is below:

- By August 14, 2015, Credit Suisse anticipates being able to provide supplemental responses to Interrogatory No. 1, Interrogatory Nos. 2 and 3 with respect to Appendices D.3 and D.4, Interrogatory Nos. 4 and 5 with the exception of information regarding "the total proceeds", and Interrogatory No. 24.

- By August 31, 2015, Credit Suisse anticipates being able to provide supplemental responses to Interrogatory Nos. 2 and 3 with respect to

Appendix D.1 for all of the relevant bulk acquisition pools and Appendix D.2 for approximately half of the relevant mini-bulk acquisition pools.

- By October 14, 2015, Credit Suisse anticipates being able to provide its remaining supplemental responses, including responses to Interrogatory Nos. 2 and 3 with respect to Appendix D.2 for the remaining mini-bulk acquisition pools and Appendix D.5.A, Interrogatory Nos. 4 and 5 with respect to information regarding "the total proceeds", and Interrogatory Nos. 6, 7, 9–23 and 25.

2. Supplemental Database Records Production

During the parties' July 21, 2015 meet and confer call, NCUA stated that it expects Credit Suisse to produce database records relating to the Reinstated Certificates as it did previously for the other certificates at issue in these actions pursuant to the Courts' May 6, 2014 Order. Credit Suisse is surprised that NCUA seeks additional database records from Credit Suisse concerning the Reinstated Certificates given that NCUA has rejected the reference to these databases as a source of information responsive to its interrogatories and obtained an order from the Courts compelling Credit Suisse to respond to various interrogatories by painstakingly mining its production of documents and the same databases that it produced to prepare detailed spreadsheets of loan-level information. (*See* Mar. 12, 2015 Ltr. from NCUA to the Courts at 3 (demanding that "Credit Suisse should be required to provide substantive written responses to Interrogatories 1-7" because NCUA purportedly could not "understand and utilize" the database records); Mar. 16, 2015 Order.) As NCUA knows, and as discussed during the July 21, 2015 meet and confer, searching for and producing responsive database records is a time-consuming and costly process. Nevertheless, as an accommodation to NCUA

and while reserving its rights, Credit Suisse will prepare a supplemental production of database records concerning the loans underlying the Reinstated Certificates.

Sincerely,

*Benjamin H. Diessel /mms*

Benjamin H. Diessel

Andrew M. Hetherington, Esq.
   Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
      Sumner Square
         1615 M Street, NW, Suite 400
            Washington, DC 20036-3209

BY EMAIL