# Exhibit G

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

August 7, 2015

*Via Electronic Mail*

Benjamin H. Diessel, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Re:   *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 12-cv-2648 (D. Kan.)

Dear Ben:

  I write in response to your letter of July 27, 2015, in which Credit Suisse purports unilaterally to extend its response time for Credit Suisse's responses to NCUA's interrogatories as they pertain to the Reinstated Certificates, in most cases until October 14, 2015. NCUA cannot agree to those unreasonable extensions.

  **1.** The Court reinstated 12 previously dismissed certificates on May 27, 2015. Credit Suisse's responses to NCUA's interrogatories regarding the Reinstated Certificates were due either 33 days after that date or, for those interrogatories served after reinstatement, 33 days after service. *See* Letter from A. Hetherington to L. Moskowitz (Mar. 10, 2015) (formally requesting that Credit Suisse respond to NCUA's previously-served discovery requests as they pertain to the Reinstated Certificates). NCUA served its final set of interrogatories on June 8, 2015, making Credit Suisse's responses to the *last* set of interrogatories for the Reinstated Certificates due no later than July 13, 2015.

  On July 13, 2015, NCUA offered to provide Credit Suisse an extension until July 31, 2015 to respond to all of the outstanding interrogatories for the Reinstated Certificates. *See* E-mail from A. Hetherington to L. Moskowitz (July 1, 2015). During our July 21, 2015 meet and confer conference, we advised Credit Suisse that NCUA would be willing to agree to a further extension until August 14, 2015. In response, Credit Suisse agreed to respond by that date only for Interrogatories 1 and 24 and (in part) Interrogatories 2-5. With respect to additional parts of two of those same interrogatories, Credit Suisse stated that it would provide its responses by August 31; with respect to the remaining 19 interrogatories,[1] Credit Suisse stated that it would provide its responses by October

---

[1] Credit Suisse appears inadvertently to have omitted Interrogatory 8 from the list of interrogatories to which it proposes to respond by October 14, 2015.

Kellogg, Huber, Hansen, Todd, Evans & Figel, p.l.l.c.

Benjamin H. Diessel, Esq.
August 7, 2015
Page 2


14, 2015, two weeks before the close of fact discovery for the Reinstated Certificates.  *See* Letter from B. Diessel to A. Hetherington (July 27, 2015).  In other words, Credit Suisse has sought more than *three months* of extensions to respond to the vast majority of NCUA's interrogatories.

   Federal Rule of Civil Procedure 33 requires that interrogatories be answered within 30 days.  Credit Suisse cannot unilaterally to extend that deadline.  Nor does Rule 33 require – as Credit Suisse suggests – that NCUA persuade Credit Suisse that NCUA will be prejudiced by Credit Suisse's delay in responding to the interrogatories until close to the end of the discovery period.  In any event, NCUA would be prejudiced by Credit Suisse's failure to timely answer NCUA's interrogatories for the Reinstated Certificates.  For example, whether NCUA seeks leave to re-open depositions already taken, or depose additional witnesses, will depend in part on information requested in NCUA's interrogatories and NCUA's review of documents that Credit Suisse's responses identify.  Moreover, NCUA requires these responses to prepare the expert reports that will be submitted in the Kansas action.  Credit Suisse's belief that NCUA's experts will have "more than enough time" to prepare those reports after the close of fact discovery is not a permissible reason for Credit Suisse to delay its responses by more than three months.

   As a courtesy, NCUA has consistently provided generous extensions to Credit Suisse to respond to its interrogatories – even after a Court order requiring Credit Suisse to provide complete responses within 14 days.  *See* Order at 3 (Mar. 16, 2015) (ECF Nos. 148 & 218) ("Credit Suisse shall respond to NCUA's First Set of Interrogatories within 14 days by providing the information in the form requested by each interrogatory"); *see also*, *e.g.*, E-mail from B. Diessel to J. Ward (Mar. 26, 2015) (memorializing extensions).  So too here:  NCUA is willing to provide courtesy extensions, but the ones demanded by Credit Suisse are unreasonable.  That is evidenced by Defendant UBS's agreement to provide all of its interrogatory responses for the 10 reinstated certificates in its case by August 21, 2015.  Please advise whether Credit Suisse will provide its responses to all of NCUA's outstanding interrogatories for the Reinstated Certificates by August 28, 2015.  That deadline constitutes an extension of more than eight weeks for Interrogatories 1-19, and more than six weeks for Interrogatories 20-25, which exceeds the longest extension that Credit Suisse requested and received to serve its responses to these same interrogatories as they pertained to the non-dismissed Certificates.  If Credit Suisse does not agree by 5 p.m. on Tuesday, August 11, 2015 to comply with this request, then NCUA will seek appropriate relief from the Court.

   **2.**  You asked during our July 21, 2015 meet and confer whether NCUA wished Credit Suisse to include in its production of documents pertaining to the Reinstated Certificates the database records that the Courts previously ordered Credit Suisse to produce for the non-dismissed certificates.  *See* Order at 3 (May 6, 2014) (ECF Nos. 99 & 140).  You state in your letter that Credit Suisse will prepare such a production "as an accommodation to NCUA."  To be clear:  we believe that this production is required under the Courts' prior order, and do not view it as optional on Credit Suisse's part or an "accommodation" to NCUA.  We expect that this production will be made

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Benjamin H. Diessel, Esq.
August 7, 2015
Page 3

no later than August 14, 2015, the Court-ordered deadline for substantial completion of document production for the Reinstated Certificates.

Sincerely,

/s/ *Andrew M. Hetherington*

Andrew M. Hetherington