# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

—

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH

ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON

KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN

BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

———

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

———

OF COUNSEL

MICHAEL L. SCHLER

WRITER'S DIRECT DIAL NUMBER
1-212-464-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

August 14, 2015

Re:   NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736 (DLC) (S.D.N.Y.)
      NCUA v. Credit Suisse Securities (USA) LLC, No. 12-cv-2648 (JWL-JPO) (D. Kan.)
      NCUA v. Morgan Stanley & Co., Inc., No. 13-cv-6705 (DLC) (S.D.N.Y.)

The Honorable Denise L. Cote
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan U.S. Courthouse
            500 Pearl Street
                New York, NY 10007

The Honorable George H. Wu
    United States District Court for the Central District of California
        312 North Spring Street
            Los Angeles, CA 90012

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
    United States District Court for the District of Kansas
        500 State Avenue
            Kansas City, KS 66101

Dear Judges Cote, Wu, Lungstrum and O'Hara:

I write on behalf of Credit Suisse in response to NCUA's August 12, 2015 letter asking the Courts to order Credit Suisse to supplement its responses to all of NCUA's 25 interrogatories as to the certificates that were reinstated by Judge Lungstrum's May 27, 2015 Order (the "Reinstated Certificates") by August 28, 2015.  NCUA's request should be denied.

As an initial matter, NCUA yet again has approached the Courts regarding a discovery dispute without reaching impasse.  Had NCUA given Credit Suisse a real chance to respond (rather than imposing arbitrary and short deadlines), Credit Suisse would have been able to narrow the dispute by confirming that, through tremendous effort, it will be in a position to supplement several interrogatory responses by August 14, 2015 and several additional interrogatory responses by August 28, 2015, the date NCUA requests.  Some disputes would have remained, however, because NCUA's demand that Credit Suisse supplement *all* of the interrogatory responses by August 28, 2015 is infeasible and entirely unnecessary.

Credit Suisse has devoted tremendous resources to provide extremely detailed and comprehensive responses to NCUA's 25 interrogatories as to the 17 certificates that were not previously dismissed (the "Original Certificates") by the close of fact discovery.  Almost every interrogatory contains multiple subparts seeking distinct pieces of information, and NCUA has demanded that Credit Suisse organize responsive information by loan, transaction, pool and/or security.  Credit Suisse provided responsive information in 188 pages of narrative and 38 appendices, 27 of which provided detailed loan-, pool- and/or securitization-level information.  To assemble these responses, Credit Suisse reviewed hundreds of thousands of documents and searched millions of database records.[1]  As an example, in order to prepare just *one* of the 11 loan-level appendices in response to *one* subpart of *one* of NCUA's interrogatories—Appendix D.1, which compiled 81 unique pieces of detailed loan-level due diligence information and findings for over 10,000 individual loans associated with bulk channel acquisitions—Credit Suisse searched for, reviewed and analyzed approximately 45,000 documents, including pull through reports, diligence requests, vendor valuation reports, credit/compliance vendor reports and other emails and documents, and manually compiled each of the 81 pieces of due diligence information from those documents.  At NCUA's insistence, Credit Suisse also provided detailed narratives and pool-level appendices in response to other interrogatories, including, for example, those concerning instructions provided to due diligence vendors (Nos. 11 and 16) and due diligence samples (No. 22).

Providing this level of detail required several months of searching, careful review, detailed analysis, fact checking, processing and synthesis of hundreds of thousands of documents by a dedicated team of attorneys—after the parties had substantially completed document production.  Specifically, Credit Suisse's compilation of loan-, pool- and securitization-specific information in its dozens of appendices required several months of work with rolling supplementation through the end of fact discovery on July 17, 2015.  By contrast, NCUA has continued to supplement its interrogatory responses after fact discovery has closed, having failed to answer several interrogatories at all by the close of fact discovery.

---

[1] To the extent the Courts would find it useful to review Credit Suisse's detailed and voluminous interrogatory responses and appendices it has submitted to date, Credit Suisse will make them available for the Courts' inspection.

Now, NCUA demands without basis that the same level of work Credit Suisse performed for the 17 Original Certificates be compressed into the two weeks following the substantial completion of document production for the 12 Reinstated Certificates.[2]  This is simply impossible, in particular for the interrogatory responses that require compilation of loan-level appendices or rely on detailed pool-level document review.  Enclosed herewith as Exhibit A is a chart that demonstrates the level of detail of Credit Suisse's interrogatory responses for the Original Certificates, which Credit Suisse must replicate for the the Reinstated Certificates.  As Exhibit A makes clear, even stretching available resources to maximum capacity, Credit Suisse cannot provide supplemental interrogatory responses to provide equivalent detail for the Reinstated Certificates any sooner than the schedule set forth below:[3]

- Today (August 14, 2015):  Interrogatory No. 1; Nos. 2 and 3 with respect to Appendices D.3 and D.4; and Nos. 4 and 5 except for "proceeds" information.
- August 28, 2015:  Interrogatory Nos. 2 and 3 with respect to Appendix D.1 for all relevant bulk acquisition pools, Appendix D.2 for approximately half of the relevant mini-bulk acquisition pools and Appendix D.5A for the third party securitizations; Nos. 4 and 5 with respect to "proceeds" information; and Nos. 6, 7, 8, 9, 12, 13, 14, 15, 17, 18, 19, 24 and 25.
- September 14, 2015:  Interrogatory Nos. 10, 11, 20 and 22 (each response relies on in depth review of thousands of documents on a pool-by-pool basis that cannot be completed sooner).
- September 30, 2015:  The remainder of Interrogatory Nos. 2 and 3 including Appendix D.2 for the remaining relevant mini-bulk acquisition pools; and Nos. 16, 21 and 23 (each response relies on completion of the appendices to Interrogatory Nos. 2 and 3).

NCUA has no basis to assert that receiving supplemental responses for the Reinstated Certificates pursuant to this schedule would cause NCUA any prejudice.  This schedule provides more than enough time for NCUA to digest the responses before its opening expert reports are due in the Kansas action on March 4, 2016.  Nor could NCUA have any legitimate need for the responses to assess whether it will seek to take additional fact depositions of Credit Suisse witnesses.  NCUA already has taken its ten Credit Suisse depositions that it was allotted under the Courts' September 23, 2014 Order (ECF No. 119) and April 9, 2014 Master Discovery Protocol (ECF No. 81) and is not entitled to any more.  NCUA insisted on taking those depositions—and rejected Credit Suisse's offers to defer them—while its motion for reconsideration was pending and even after it was granted, with full knowledge that there would be additional discovery forthcoming concerning the Reinstated Certificates.

Accordingly, Credit Suisse respectfully requests that NCUA's request to compel Credit Suisse to provide supplemental responses to NCUA's 25 interrogatories as to the Reinstated Certificates by August 28, 2015 be denied and that the Courts so order Credit Suisse's proposed schedule.

---

[2] Per the Courts' June 23, 2015 Scheduling Order (ECF No. 348), the parties are not due even to substantially complete production of documents relating to the Reinstated Certificates until August 14, 2015.

[3] Although NCUA reports that another defendant agreed to supplement its interrogatory responses by August 21, 2015, Credit Suisse is not aware of any defendant that has provided as detailed responses as did Credit Suisse at NCUA's insistence, including the vast loan-level appendices.  Providing that level of detail takes a considerable amount of time, and it is unreasonable to demand it be completed in two weeks.

                            Respectfully,

                            /s/ Lauren A. Moskowitz

                            Lauren A. Moskowitz

Encls.

BY EMAIL

Copies with encls. to:

All counsel of record

BY EMAIL